UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAN HARKABI,
GIDON ELAZAR,

               Plaintiffs

      vs.

SANDISK CORPORATION,

             Defendant.

No. 08 CV 8203 (Pauley)
ECF CASE

**ANSWER**

Hon. William H. Pauley, III

---

Defendant SanDisk Corporation ("SanDisk" or "Defendant"), by its attorneys,

O'Melveny & Myers LLP, for its answer to the Complaint (the "Complaint") of Plaintiffs Dan

Harkabi and Gidon Elazar ("Plaintiffs") respectfully states and alleges as follows:

## AS TO PLAINTIFF'S ALLEGATIONS ABOUT THE NATURE OF THE ACTION

1.    To the extent that the allegations contained in paragraph 1 of the Complaint are not allegations of fact, but rather conclusions of law, they do not require a responsive pleading. To the extent that any responsive pleading is required, SanDisk denies the allegations set forth in paragraph 1, except admits that SanDisk entered into a written agreement (the "Agreement") with MDRM, Inc. ("MDRM") and refers to the Agreement for its contents.

2.    To the extent that the allegations contained in paragraph 2 of the Complaint are not allegations of fact, but rather conclusions of law, they do not require a responsive pleading. To the extent that any responsive pleading is required, Responding Defendant denies the allegations set forth in paragraph 2.

3.    To the extent that the allegations contained in paragraph 3 of the Complaint are not allegations of fact, but rather conclusions of law, they do not require a responsive pleading.

To the extent that any responsive pleading is required, Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 3, except admits that Plaintiffs filed a Complaint against SanDisk and refers to the Complaint for its contents.

## AS TO PLAINTIFF'S ALLEGATIONS ABOUT PARTIES AND JURISDICTION

4.      To the extent that the allegations contained in paragraph 4 of the Complaint are not allegations of fact, but rather conclusions of law, they do not require a responsive pleading. To the extent that any responsive pleading is required, Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 4, except admits the Defendant is a corporation incorporated under the laws of Delaware with its principal place of business in California.

5.      To the extent that the allegations contained in paragraph 5 of the Complaint are not allegations of fact, but rather conclusions of law, they do not require a responsive pleading. To the extent that any responsive pleading is required, Defendant denies the allegations set forth in paragraph 5, except admits that SanDisk and MDRM entered the Agreement and refers to the Agreement for its contents.

## AS TO PLAINTIFF'S ALLEGATIONS ABOUT THE FACTUAL BACKGROUND

6.      Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 6.

7.      To the extent that the allegations contained in paragraph 7 of the Complaint are not allegations of fact, but rather conclusions of law, they do not require a responsive pleading. To the extent that any responsive pleading is required, Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 7.

8.      Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 8.

9.      Defendant denies the allegations set forth in paragraph 9.

10.     To the extent that the allegations contained in paragraph 10 of the Complaint are not allegations of fact, but rather conclusions of law, they do not require a responsive pleading. To the extent that any responsive pleading is required, Defendant denies the allegations set forth in paragraph 10, except admits that in 2004 SanDisk had discussions with Plaintiffs regarding the potential acquisition of MDRM.

11.     Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 11, except admits that SanDisk and MDRM entered the Agreement and refers to the Agreement for its contents.

12.     Defendant denies the allegations set forth in paragraph 12, except admits that SanDisk and MDRM entered the Agreement and refers to the Agreement for its contents.

13.     Defendant denies the allegations set forth in paragraph 13, except admits that SanDisk and MDRM entered the Agreement and refers to the Agreement for its contents.

14.     Defendant denies the allegations set forth in paragraph 14, except admits that SanDisk and MDRM entered the Agreement and refers to the Agreement for its contents.

15.     To the extent that the allegations contained in paragraph 15 of the Complaint are not allegations of fact, but rather conclusions of law, they do not require a responsive pleading. To the extent that any responsive pleading is required, Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 15, except admits the sale of MDRM to SanDisk closed in December 2004.

16.     To the extent that the allegations contained in paragraph 16 of the Complaint are not allegations of fact, but rather conclusions of law, they do not require a responsive pleading. To the extent that any responsive pleading is required, Defendant denies the allegations set forth in paragraph 16, except admits Harkabi and Elazar became employees of SanDisk.

17.     Defendant admits the allegations set forth in paragraph 17.

18.     Defendant admits the allegations set forth in paragraph 18.

19.     Defendant denies the allegations set forth in paragraph 19, except admits that SanDisk was organized into divisions.

20.     Defendant denies the allegations set forth in paragraph 20, except admits that pursuant to the Agreement SanDisk has made earn out payments to Plaintiffs.

21.     Defendant denies the allegations set forth in paragraph 21.

22.     Defendant denies the allegations set forth in paragraph 22.

23.     Defendant denies the allegations set forth in paragraph 23.

24.     Defendant denies the allegations set forth in paragraph 24.

25.     Defendant denies the allegations set forth in paragraph 25.

26.     Defendant denies the allegations set forth in paragraph 26.

27.     Defendant denies the allegations set forth in paragraph 27.

28.     Defendant denies the allegations set forth in paragraph 28, except admits SanDisk did not pay an earn out for sales of U3 units.

29.     Defendant denies the allegations set forth in paragraph 29, except admits SanDisk offered Harkabi and Elazar each $400,000.00.

30.     Defendant denies the allegations set forth in paragraph 30.

31.     Defendant denies the allegations set forth in paragraph 31.

**AS TO PLAINTIFF'S ALLEGATIONS ABOUT FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT AS TO SANDISK CORPORATION**

32.     With respect to paragraph 32 of the Complaint, Defendant repeats and re-alleges paragraphs 1 through 31 above as if fully set forth herein.

33.     To the extent that the allegations contained in paragraph 33 of the Complaint are not allegations of fact, but rather conclusions of law, they do not require a responsive pleading. To the extent that any responsive pleading is required, Defendant denies the allegations set forth in paragraph 33.

34.     To the extent that the allegations contained in paragraph 34 of the Complaint are not allegations of fact, but rather conclusions of law, they do not require a responsive pleading. To the extent that any responsive pleading is required, Defendant denies the allegations set forth in paragraph 34.

**AS TO PLAINTIFF'S ALLEGATIONS ABOUT SECOND CAUSE OF ACTION**
**BREACH OF THE IMPLIED COVENANT OF GOOD FAITH**
**AND FAIR DEALING AS TO SANDISK CORPORATION**

35.     With respect to paragraph 35 of the Complaint, Defendant repeats and re-alleges paragraphs 1 through 34 above as if fully set forth herein.

36.     To the extent that the allegations contained in paragraph 36 of the Complaint are not allegations of fact, but rather conclusions of law, they do not require a responsive pleading. To the extent that any responsive pleading is required, Defendant denies the allegations set forth in paragraph 36.

37.     To the extent that the allegations contained in paragraph 37 of the Complaint are not allegations of fact, but rather conclusions of law, they do not require a responsive pleading. To the extent that any responsive pleading is required, Defendant denies the allegations set forth in paragraph 37.

### AS AND FOR A FIRST DEFENSE

38.     Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND DEFENSE

39.     Plaintiffs' claims are barred by the doctrine of unclean hands.

### AS AND FOR A THIRD DEFENSE

40.     Plaintiffs' breach of contract claim fails because SanDisk has made all required payments to Plaintiffs, and performed all other obligations, under the Agreement.

### AS AND FOR A FOURTH DEFENSE

41.     Plaintiffs' breach of the implied covenant of good faith and fair dealing claim fails because SanDisk acted in good faith at all times and did not deprive Plaintiffs of any rights or benefits under the Agreement.

### AS AND FOR A FIFTH DEFENSE

42.     Plaintiffs' breach of the implied covenant of good faith and fair dealing claim is barred because the claim is based on the same allegations as the breach of contract claim.

### AS AND FOR A SIXTH DEFENSE

43.     Plaintiffs' breach of the implied covenant of good faith and fair dealing claim is barred because the claim is intrinsically tied to the damages allegedly resulting from the breach of contract claim.

### AS AND FOR A SEVENTH DEFENSE

44.     Plaintiffs' claims are barred by the principles of estoppel.

### AS AND FOR AN EIGHTH DEFENSE

45.     Plaintiffs' claims are barred by the doctrine of laches.

### AS AND FOR A NINTH DEFENSE

46.     Plaintiffs' claims are barred by the doctrine of waiver.

## AS AND FOR A TENTH DEFENSE

47.     Plaintiffs' claims are barred because Plaintiffs have suffered no damages.

## RESERVATION TO ASSERT ADDITIONAL DEFENSES

48.     Defendant reserves the right to add additional defenses as additional facts are obtained through discovery.

**WHEREFORE,** SanDisk prays for judgment as follows:

        A. That Plaintiffs' complaint and each cause of action be dismissed with prejudice;

        B. That the Court order such other and further relief for Defendant as the Court may deem just and proper.

Date:  November 14, 2008

Respectfully submitted,

O'MELVENY & MYERS LLP

By:     /s/ Charles E. Bachman
        Charles E. Bachman
        7 Times Square
        New York, New York 10036
        Tel:    (212) 326-2000
        Fax:    (212) 326-2061
        Email: cbachman@omm.com
        *Attorneys for Defendant SanDisk
        Corporation*