UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

DAN HARKABI,
GIDON ELAZAR,

    Plaintiffs,

  vs.

SANDISK CORPORATION,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Index No.: 08-CV-8203(WHP)(THK)

**AFFIRMATION OF**
**CHARLES A. STILLMAN**

STATE OF NEW YORK )
       ss.:
COUNTY OF NEW YORK )

  CHARLES A. STILLMAN, an attorney admitted to the bar of this Court, hereby affirms as true under penalty of perjury, as follows:

  1. I am a member of Stillman, Friedman & Shechtman, P.C., attorneys for plaintiffs Dan Harkabi and Gidon Elazar in the above-captioned matter. I submit this Affirmation in support of Plaintiffs' Motion for Sanctions Against Defendant SanDisk for Spoliation.

  2. On March 7, 2007, Harkabi and Elazar's prior counsel sent a preservation letter to SanDisk. (Attached as Exhibit 1)

  3. Dan Harkabi and Gidi Elazar filed their complaint on September 24, 2008. (Attached as Exhibit 2) In October of 2008, Julie Liedtke, in-house counsel at SanDisk, contacted plaintiffs to request an extension of time for SanDisk to answer and the parties signed a stipulation to that effect on October 14, 2008. (Attached as Exhibit 3) On December 31, 2008,

plaintiffs served a document request on SanDisk that requested various categories of documents and instructed SanDisk to identify if any responsive document that was at one time in the possession of SanDisk "has been lost, stolen, discarded or destroyed." (Attached as Exhibit 4)

4. The parties met and conferred on February 11, 2009 regarding a protocol for the search of electronic documents. During the meeting, counsel for plaintiffs requested that SanDisk provide a search term report indicating the number of hits for each proposed search term so that the parties could work together to narrow terms as necessary. Counsel for plaintiffs reiterated this proposal in an e-mail sent later the same day. (Attached as Exhibit 5)

5. On April 14, 2009, plaintiffs contacted counsel for SanDisk after receiving the first and only search term report, which indicated that the search term "Elazar" only returned five hits when searching Gidon Elazar's e-mail and that no e-mail was found for Dan Harkabi. In response, counsel for SanDisk indicated that "when an employee leaves the company, he typically returns his computer/lap top [sic] and the device gets recycled 30 days later. The information on the device is supposed to be transmitted before it is emptied but it is possible this did not occur with the four custodians you've identified, which includes Mr. Harkabi." (Attached as Exhibit 6) Two days later on April 16, 2009, plaintiffs served a 30(b)(6) deposition notice on SanDisk on topics relating to the preservation of documents and whether documents had been destroyed. (Attached as Exhibit 7)

6. After negotiation, the parties agreed that plaintiffs would adjourn the 30(b)(6) deposition if SanDisk produced a sworn statement from an employee with knowledge stating that SanDisk had complied with the litigation-hold demand letter of March 7, 2007 (Attached as Exhibit 8). SanDisk produced a declaration from Julie Liedtke which stated: "I have no reason to believe that the four 'Do-Not-Destroy' Memoranda issued on April 12, 2007, were not fully

complied with by SanDisk and its employees, temporary employees, and contractors." (Attached as Exhibit 9)

7. On May 22, 2009, plaintiffs submitted to SanDisk a specific request for copies of the laptop hard drives from Harkabi and Elazar's SanDisk-issued laptops. (Attached as Exhibit 10) While awaiting SanDisk's response, in June of 2009, SanDisk agreed to produce "everything" returned by plaintiffs' previously proposed search terms to facilitate discovery. Thus, on June 18, SanDisk provided plaintiffs with approximately 700 gigabytes of information. In its June 22, 2009 written response to the May 22 request for the copies of the hard drives, SanDisk declined to produce the hard drives and stated that "all electronic documents from [the] hard drive[s] that are relevant to this dispute have already been produced." (Attached as Exhibit 11)

8. Over the next month my firm expended significant expense and effort to evaluate SanDisk's native production and could not find *any* of the materials that Harkabi and Elazar knew to be on the hard drives. After repeated discussions, counsel for SanDisk, for the first time, acknowledged during a July 28 phone call that the hard drives had not been included in the native production and that they continued to look for them.

9. On August 18, 2009, plaintiffs sent a letter to SanDisk regarding the missing hard drives and the substantial holes in SanDisk's production of the custodian files of Harkabi and Elazar, including the small number of e-mails produced. (Attached as Exhibit 12) On September 10, 2009 counsel for SanDisk finally admitted that SanDisk had been unable to locate the laptop hard drives, but did not respond to any of plaintiffs' concerns regarding the missing Harkabi and Elazar e-mail. (Attached as Exhibit 13) On September 22, SanDisk provided plaintiffs with

declarations from Scott Dillon and Gurpreet Sahni to explain the steps SanDisk had taken to locate the hard drives. (Attached as Exhibits 14 and 15)

10.  In summary, the following attached exhibits are referenced in the accompanying Memorandum of Law in Support of Plaintiffs' Motion for Sanctions Against Defendant SanDisk for Spoliation:

- **Exhibit 1**: March 7, 2007 Letter from Doolittle to Comport re: Document Preservation
- **Exhibit 2**: Complaint of Dan Harkabi and Gidi Elazar, filed on September 24, 2008
- **Exhibit 3**: Stipulation extending time to Answer, filed on October 14, 2008
- **Exhibit 4**: Plaintiffs First Request to Defendant for Production of Documents, dated December 31, 2008
- **Exhibit 5**: February 11, 2009 E-mail from D. Shapiro to A. Rubin, L. Frank and J. Mitchell re: search protocol
- **Exhibit 6**: April 13, 2009-April 14, 2009 E-mail chain between L. Frank, D. Shapiro, J. Mitchell and C. Bachman re: search report explanation
- **Exhibit 7**: Notice of Deposition Pursuant to Fed. R. Civ. P.30(B)(6), filed on April 16, 2009
- **Exhibit 8**: May 8, 2009 Letter from C. Bachman to C. Stillman re: adjournment of the 30(b)(6) deposition
- **Exhibit 9**: Declaration of Julie Liedtke, dated May 7, 2009
- **Exhibit 10**: Plaintiffs Request to Defendant for Production of Tangible Things, dated May 22, 2009
- **Exhibit 11**: SanDisk's Responses and Objections to Plaintiffs' Request to Defendant for Production of Tangible Things, dated June 22, 2009
- **Exhibit 12**: August 18, 2009 Letter from C. Stillman to C. Bachman re: the missing hard drives and substantial holes in SanDisk's production
- **Exhibit 13**: September 10, 2009 Letter from C. Bachman to C. Stillman re: admission of SanDisk's inability to locate the laptop hard drives
- **Exhibit 14**: Declaration of Scott Dillon, dated September 22, 2009
- **Exhibit 15**: Declaration of Gurpreet Sahni, dated September 22, 2009

_____
Charles A. Stillman