# Stillman

# Exhibit 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X
:
DAN HARKABI,  : Index No.: 08-CV-8203(WHP)(THK)
GIDON ELAZAR, :
:
        Plaintiffs, :
:
   vs. : **PLAINTIFFS' FIRST REQUEST**
: **TO DEFENDANT FOR**
SANDISK CORPORATION, : **PRODUCTION OF DOCUMENTS**
:
        Defendant. :
:
------------------------------------X

        Plaintiffs Dan Harkabi and Gidon Elazar, pursuant to Federal Rules of Civil Procedure 26 and 34, hereby request that defendant SanDisk Corporation (as defined below) produce the following documents for inspection and copying by delivering said documents to the offices of Stillman, Friedman & Shechtman, P.C., 425 Park Avenue, New York, New York, 10022, within 30 days of the date of service.

DEFINITIONS

    A.    All definitions and instructions as set forth in Federal Rules of Civil Procedure 26 and 34 shall apply to all requests for documents herein.

    B.    The uniform definitions in discovery requests set forth in Local Civil Rule 26.3 of the United States District Court for the Southern District of New York apply to this Document Request and are incorporated by reference.

    C.    The term "document" or "documents" includes documents and electronically stored information — including emails, writings, drawings, graphs, charts, photographs, sound recordings, images, videos and other data or data compilations — stored in any medium from

which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

D.  The terms "SanDisk" and "SanDisk Corporation" mean SanDisk Corporation, its officers, directors, employees, representatives and agents, and all of its present and former affiliated entities located anywhere in the world: including, but not limited to, parent corporations, sister corporations, subsidiary corporations, manufacturing facilities, or entities with substantial common ownership or management.

E.  The term "MDRM" means MDRM Inc., its officers, directors, employees, representatives and agents, and all of its present and former affiliated entities, including but not limited to parent, sister or subsidiary corporations or entities with substantial common ownership or management.

F.  The term "SPA" refers to the Stock Purchase Agreement between SanDisk Corporation and MDRM Corporation.

G.  All other words have their plain and ordinary meaning.

## INSTRUCTIONS

A.  If the responding party withholds documents on the basis of privilege, follow the procedure outlined in Local Civil Rule 26.2.

B.  This request shall be deemed to be a continuing one so as to require further and supplemental response as additional responsive information is obtained or located from the time of initial response to the time of trial in this action.

C.  If any responsive document that was in the possession of SanDisk is no longer in its possession, identify the document and its present custodian and location.

D.    If any responsive document was in the possession of SanDisk but has been lost, stolen, discarded or destroyed, identify each such document and provide the date of disposal, the manner of disposal, the reason for disposal, the person authorizing the disposal and the person disposing of the document.

E.    All documents are to be produced as they are kept in the usual course of business, so that the plaintiffs can ascertain the files in which documents were located, their relative order in the files and how the files were maintained; and all documents are to be produced in a form which accurately reflects their condition as maintained by you in the usual course of business, including but not limited to:

    i.    that all electronically stored information must be produced in native format. Static non-searchable image files will not be sufficient;

    ii.    that all associated file labels, file headings and file folders be produced together with the responsive documents from each file;

    iii.    that all pages now stapled or otherwise fastened together be produced, stapled or fastened together in the same manner;

    iv.    that all documents of which a legible reproduction cannot be furnished be produced in their original form.

F.    SanDisk shall preserve in their original form all documents and files which are or may be responsive to this request.

G.    If you object to any request on the ground that it is overly broad, you are instructed to produce the documents in response to the request as narrowed to conform to your objection within the period allowed for a response and to state in your response (i) how you narrowed the request, and (ii) the reason why you claim the request is overbroad.

H.  If no documents responsive to a particular document request exist or are within your possession, custody or control, you must so state in your response to this request.

I.  All requests refer to the time period 2004 to the present.

## DOCUMENTS REQUESTED

1.  All documents that refer to Dan Harkabi and/or Harkabi and/or Gidon Elazar and/or Gidi Elazar and/or Elazar.

2.  All documents that refer to MDRM.

3.  All documents that refer in any way to the MDRM Technology and/or Derivatives thereof, as those terms are defined in the SPA.

4.  All documents that refer or relate to the acquisition of MDRM, including, but not limited to, correspondence (for example any correspondence among or involving Eli Harrari, Rich Chernicoff, Cathy Lego or Yoram Cedar), draft agreements, bonus modeling, and technical and business evaluations or considerations.

5.  All documents that refer or relate to Section 1.4 of the SPA and/or an earn-out provision with MDRM, including, but not limited to, correspondence, notes, and emails among or involving Eli Harari, Rich Chernicoff, Cathy Lego or Yoram Cedar.

6.  All documents that refer or relate to "Booklocker" or any technology that uses or embeds any of the technology in Booklocker in whole or in part.

7.  All documents that refer or relate to development and/or technical specifications and/or manufacturing process of the U3 devices.

8.  All documents that refer or relate to training and/or marketing and/or accounting and/or sales regarding the U3 devices.

9. All documents that refer or relate to development and/or technical specifications and/or manufacturing process of the Cruzer Freedom.

10. All documents that refer or relate to training and/or marketing and/or accounting and/or sales regarding the Cruzer Freedom.

11. All documents that refer or relate to manufacturing U3 devices and/or downloading data onto U3 devices, including, but not limited to, documents located in China and/or other locations outside of the United States.

12. All documents that refer or relate any hardware and software that is used to or in anyway facilitates the download of data onto U3 devices from 2004 to the present.

13. All documents that refer or relate to the escrow agent for the earn-out, including but not limited to any communication with the same.

14. All board presentations, resolutions and meetings minutes which refer to MDRM and/or Cruzer Freedom and/or U3 and/or Booklocker and/or Elazar and/or Harkabi.

15. All video recordings of employee meetings that refer to MDRM and/or Cruzer Freedom and/or U3 and/or Booklocker and/or Elazar and/or Harkabi.

16. All documents that refer or relate to the employment of plaintiffs Dan Harkabi and/or Gidon Elazar including, but not limited to, any documents relating to the termination of their employment.

Dated: New York, New York
December 31, 2008

                STILLMAN, FRIEDMAN &
                SHECHTMAN, P.C.

                By: _Daniel Shapiro/wk_____
                    Charles A. Stillman
                    James A. Mitchell
                    Daniel V. Shapiro

                425 Park Avenue
                New York, New York 10022
                (212) 223-0200
                *Counsel for Plaintiffs Harkabi and Elazar*

To:    Charles E. Bachman, Esq.
       O'Melveny & Myers LLP
       7 Times Square
       New York, NY 10036
       *Counsel for Defendant SanDisk Corporation*