# Stillman Exhibit 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

DAN HARKABI,                                    Index No.: 08-CV-8203(WHP)(THK)
GIDON ELAZAR,

       Plaintiffs,

     vs.                                          **PLAINTIFFS' REQUEST**
                                                **TO DEFENDANT FOR**
                                                **PRODUCTION OF**
SANDISK CORPORATION,                            **TANGIBLE THINGS**

       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

       Plaintiffs Dan Harkabi and Gidon Elazar, pursuant to Federal Rules of Civil Procedure 26 and 34, hereby request that defendant SanDisk Corporation (as defined below) produce the following tangible things by producing said items to the offices of Stillman, Friedman & Shechtman, P.C., 425 Park Avenue, New York, New York, 10022, within 30 days of the date of service or at such other time and place, or in such other manner, as may be mutually agreed upon by the parties.

DEFINITIONS

      A.     All definitions and instructions as set forth in Federal Rules of Civil Procedure 26 and 34 shall apply to all requests for documents or items herein.

      B.     The uniform definitions in discovery requests set forth in Local Civil Rule 26.3 of the United States District Court for the Southern District of New York apply to this Request and are incorporated by reference.

      C.     The terms "SanDisk" and "SanDisk Corporation" mean SanDisk Corporation, its officers, directors, employees, representatives and agents, and all of its present and former

affiliated entities located anywhere in the world: including, but not limited to, parent corporations, sister corporations, subsidiary corporations, manufacturing facilities, or entities with substantial common ownership or management.

D.     All other words have their plain and ordinary meaning.

INSTRUCTIONS

A.     If the responding party withholds documents on the basis of privilege, follow the procedure outlined in Local Civil Rule 26.2.

B.     This request shall be deemed to be a continuing one so as to require further and supplemental response as additional responsive information is obtained or located from the time of initial response to the time of trial in this action.

C.     If any responsive document that was in the possession of SanDisk is no longer in its possession, identify the document and its present custodian and location.

D.     If any responsive document was in the possession of SanDisk but has been lost, stolen, discarded or destroyed, identify each such document and provide the date of disposal, the manner of disposal, the reason for disposal, the person authorizing the disposal and the person disposing of the document.

E.     SanDisk shall preserve in their original form all documents and files which are or may be responsive to this request.

F.     If you object to any request on the ground that it is overly broad, you are instructed to produce the documents in response to the request as narrowed to conform to your objection within the period allowed for a response and to state in your response (i) how you narrowed the request, and (ii) the reason why you claim the request is overbroad.

G.      If no documents responsive to a particular document request exist or are within your possession, custody or control, you must so state in your response to this request.

## TANGIBLE ITEMS REQUESTED

1.      An exact digital copy (*i.e.*, bit-by-bit mirror image copy) of the hard drive of Dan Harkabi's SanDisk-issued laptop. This laptop was surrendered to SanDisk upon the termination of Dan Harkabi and was specifically referenced in the March 7, 2007 litigation hold letter plaintiffs sent to SanDisk.

2.      An exact digital copy (*i.e.*, bit-by-bit mirror image copy) of the hard drive of Gidon Elazar's SanDisk-issued laptop. This laptop was surrendered to SanDisk upon the termination of Gidon Elazar and was specifically referenced in the March 7, 2007 litigation hold letter plaintiffs sent to SanDisk.

Dated: New York, New York
      May 22, 2009

                                     STILLMAN, FRIEDMAN &
                                     SHECHTMAN, P.C.

                                     By:_____

                                         Charles A. Stillman
                                       James A. Mitchell
                                       Daniel V. Shapiro

                                     425 Park Avenue
                                   New York, New York 10022
                                   (212) 223-0200
                                   *Counsel for Plaintiffs Harkabi and Elazar*

To:    Charles E. Bachman, Esq.
       O'Melveny & Myers LLP
       7 Times Square
       New York, NY 10036
       *Counsel for Defendant SanDisk Corporation*

4

## AFFIRMATION OF SERVICE BY EMAIL

Daniel V. Shapiro, an attorney admitted to practice before the courts of this State, hereby affirms under penalty of perjury that on the 22nd day of May, 2009, pursuant to the parties amended written agreement of February 17, 2009, that service of process of discovery papers may be made by electronic mail pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), deponent served the within Plaintiffs' Request to Defendant for Production of Tangible Things upon:

cbachman@omm.com
lfrank@omm.com

the electronic mail addresses designated by Charles Bachman and Lauren Frank for that purpose, by sending via electronic mail a true copy of same.

Dated: May 22, 2009

Daniel V. Shapiro